## TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

**Case Removed:** 2025MM000550A
Case #: _6:25 CR 113, WWB DCI_

**STATE OF FLORIDA,**
Plaintiff,

v.

**RODERICK KING DOTSON,**
Defendant        /

### NOTICE OF REMOVAL TO FEDERAL COURT

**COMES NOW Dotson: Roderick-King, sui juris**, appearing by special appearance only as **Trustee for the Irrevocable Private Express Business Trust "RODERICK KING DOTSON," the named Defendant in the above-captioned matter,** and hereby removes this case and hereby submits this formal **NOTICE OF REMOVAL** pursuant to **28 U.S.C. § 1443** and **Rule 57** of the Federal Rules of Civil Procedure.

This removal is compelled by unrebutted constitutional violations, procedural irregularities, and commercial dishonor by the originating court and surety agents, which legally obligate federal review, protection, and enforcement under the law.

### I.   GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1443

Removal is proper under **28 U.S.C. § 1443(1)** because:
• **Federally protected rights** have been denied under **color of state law**, including due process, access to remedy, and fair hearing.
• The state court **ignored sworn filings**, including affidavits and jurisdictional challenges, violating **Amendment V** and **Rule 5, FRCP**.
• **Void bond instruments** were estreated without lawful consent, jurisdiction, or rebuttal—constituting **procedural fraud** and **commercial dishonor**.

- The undersigned's status as **Trustee** and holder of fiduciary authority has been **lawfully asserted and unrebutted** yet disregarded—violating both **constitutional protections** and **federal procedural rules**.

This matter qualifies for federal review to ensure constitutional enforcement and protection of rights

## II. STATUS AND STANDING

The undersigned is **not the legal fiction** "RODERICK KING DOTSON" but the **Trustee** of the private trust that lawfully owns and administers that entity. All appearances and filings were made under **UCC 1-308** by special appearance, without submission to jurisdiction or voluntary suretyship.

## III. SUPPORTING FACTS & PROCEDURAL RECORD

### A. Procedural Fraud:
- On **March 24, 2025**, Trustee appeared in court under notarial and witness affidavit.
- Judge **John L. Woodard III** falsely recorded nonappearance and unlawfully estreated bonds.
- The court failed to address the following unrebutted filings:
- **Declaration of Status** (Doc #73)
- **Affidavit of Trustee Authority** (Doc #41)
- **Fee Schedule & Liability Notice** (Doc #44, Ex. 11L)
- **Notice of Special Appearance** (Doc #76)
- **Motion to Challenge Jurisdiction** (Doc #66)
- **Emergency Motion to Vacate Estreature** (Doc #93)

### B. Citation Defects and Procedural Invalidity under Florida Law

**1. Missing Court Date, Fine Amount, and Time Discrepancy**
Citations AKLBYSE and AKLBYTE are defective because they do not specify a required court appearance date, fail to state the civil penalty or fine amount, and contain a material discrepancy regarding the time of the alleged traffic stop. The citation states 12:57 PM, while the police report and sworn statements reflect the stop occurred at approximately 9:57 AM. These omissions and inconsistencies violate:

- **Florida Statutes § 318.14(2):**
  "If a person cited for a noncriminal infraction does not elect to pay the civil penalty, the person must appear before the designated official at the time and location specified on the citation."
  The citations fail to provide this required information.
- **Florida Statutes § 316.650(3)(a):**
  "The uniform traffic citation must contain the date, time, and location of the offense, the offense charged, and the time and location of the required court appearance."
  The failure to include or correctly record these elements renders the citations facially invalid.

## 2. Contradiction with Police Report

The time stated on the citations does not match the time recorded in the associated police report, undermining the factual integrity of the record and violating statutory requirements for accuracy.

- **Florida Statutes § 316.650(1)(a):**
  "Every law enforcement officer... shall issue citations on a form approved by the department, which must be complete, accurate, and conform to the rules adopted."
  The discrepancies between the citation and the report violate this statute.

## 3. No Signed Information from State Attorney

The citations are being used in place of a formal charging instrument, which is improper and jurisdictionally defective.

- **Florida Rule of Criminal Procedure 3.140(g):**
  "An information... shall be signed by the prosecuting attorney... and contain a statement of the facts constituting the offense."
  No such Information has been filed in this case, thereby failing to confer lawful jurisdiction upon the court.

## 4. Violations of the Florida Constitution

- **Article I, Section 9 – Due Process of Law:**
  "No person shall be deprived of life, liberty or property without due process of law."
  The omissions, discrepancies, and lack of lawful notice deny fundamental procedural protections under this constitutional provision.

4

- **Article I, Section 15(a) – Prosecution for Crime:**
  "No person shall be tried for a crime... unless on information under oath filed by the prosecuting officer of the court."
  The absence of a sworn Information from the State Attorney is a direct violation of this section and renders all prosecutorial actions void.

**Absence of Lawful Charging Instrument:**

Under **Florida Statutes §§ 316.650, 318.14, Rule 3.140(g) of the Florida Rules of Criminal Procedure**, which mandates: *"An indictment or information on which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney."* In this case, no such valid instrument has been filed or presented into the court record. The prosecution is therefore proceeding **without jurisdiction**, rendering the citations **null, void, and unenforceable.**, and **Article I, Sections 9 and 15(a) of the Florida Constitution**, the citations AKLBYSE and AKLBYTE are procedurally defective and jurisdictionally void. Any further enforcement action based on these citations would constitute a violation of established Florida law and constitutional due process rights.

## Conclusion on Citations

The Defendant, appearing by special appearance and in lawful capacity as Trustee for the named trust estate, respectfully moves this Court to strike the defective citations from the record and to dismiss all proceedings arising therefrom, with prejudice, for want of jurisdiction and failure to meet the legal and constitutional requirements necessary to sustain prosecution.

Because the citations are:
- Internally inconsistent, Factually defective, Lacking the essential elements required under Florida law,

**C. Surety Violations:**
- Bonds: U521888208, U521888210, U521904620, U1021899307
- Issued through **Magic Bail Bonds Inc.** — inactive entity per Sunbiz.org
- Executed by agents **Tanner V.** and **Ellis Daniley**, neither responded to:
- 03/11/25 Notices (Tracking #s: 9589-0710-5270-1574-9825-91 & 9589-0710-5270-1574-9826-83)

- 04/12/25 Default Notices (Tracking #s: 9589-0710-5270-0699-6618-17 & 9589-0710-5270-0699-6615-89)
- 04/12/25 Owner Michael: #9589-0710-5270-0699-6615-27
- Complaint to DFS Filed: Tracking #9589-0710-5270-0699-6618-24
- Owner **Michael** later attempted unlawful coercion by contacting **Jordan Byrd** during the active cure period — in breach of good faith and commercial remedy process.

## IV. LEGAL BASIS FOR DECLARATORY RELIEF – RULE 57 / 28 U.S.C. § 2201

This Court has full authority to grant judgment on the record. This includes:

**A. Constitutional Violations:**
- **Article III**, U.S. Constitution
- **Amendments I, IV, V, VI, VII** (Bill of Rights)
- **Florida Constitution**, Article I, §§ 9 (Due Process), 21 (Remedy)

**B. Administrative and Commercial Violations:**
- **Fla. Stat. §§ 648.30, 648.44, 648.285, 607.1405** – bond surety law
- **UCC §§ 1-308, 3-305, 3-505** – dishonor of commercial presentments
- **Affidavit Doctrine** – unrebutted sworn statements become established fact

## V. RELIEF REQUESTED

The undersigned respectfully requests the following:
1. **Declaratory Judgment**: All bonds are void ab initio;
2. **Emergency Stay**: All enforcement actions are to cease immediately;
3. **Entry of Default Judgment**: Against the lower court and/or surety agents for failure to respond to filed affidavits, motions, and commercial presentments;
4. **Recognition of Fiduciary Status**: Acknowledging Trustee's authority over the trust res;
5. **Dismissal with Prejudice**: Of all proceedings under Case No. 2025MM000550A for lack of jurisdiction, procedural misconduct, and administrative fraud.

## VI. CERTIFICATION UNDER RULE 11(b)

I certify under penalty of Rule 11(b), FRCP:
- This filing is presented in **good faith**,
- Based on the **evidentiary record and binding law**,
- Not filed for delay or harassment, but to enforce **remedy, relief, and protection** as required by law.

6

**All Rights Reserved – Without Prejudice – UCC 1-308**
Respectfully submitted,

**Dotson: Roderick-King** Trustee, **Authorized Representative**

Irrevocable Private Express Business Trust

"RODERICK KING DOTSON"

c/o 312 W. 2nd St., Unit #A313 Casper, Wyoming [82601]

Sign: _____  Date: 4-21-25

## NOTARY

Notary for purposes of Identification Only, not to enter any foreign Jurisdiction.
State of __Florida__ ) County of __Seminole__ )
__Dotson Roderick__ ) ss.
Subscribed and sworn before me this __21st__ day of __April__ 2025
Notary Public __Jahida Rodriguez__
My Commission Expires __8-8-2024__

WITNESS my hand and official seal

Signature of Notary Public: __Jahida Rodriguez__

JAHIDA RODRIGUEZ
Notary Public
State of Florida
Comm# HH162420
Expires 8/8/2025

7

## CERTIFICATE OF SERVICE

I, Dotson: Roderick-King, certify that on this ___23___ day of ___April___, I served a true and correct copy of the **NOTICE OF REMOVAL TO FEDERAL COURT**

via **Certified Mail** to the following:

- **Clerk of Court** – 18th Judicial Circuit 101 Eslinger Way, Sanford, FL 32773
- **State Attorney, 18th Judicial Circuit** 101 Eslinger Way, 5th Floor, Sanford, FL 32773
- **Ellis Daniley**, Magic Bail Bonds Inc.
03/11/25: #9589 0710 5270 1574 9825 91
04/12/25: #9589 0710 5270 0699 6618 17
- **Tanner V.**, Surety Agent
03/11/25: #9589 0710 5270 1574 9826 83
04/12/25: #9589 0710 5270 0699 6615 89
- **Michael**, Owner – Magic Bail Bonds Inc.
04/12/25: #9589 0710 5270 0699 6615 27

Respectfully,

**Dotson: Roderick-King** Trustee, **Authorized Representative**

Irrevocable Private Express Business Trust

"RODERICK KING DOTSON"

By Special Appearance Only – UCC 1-308

c/o 312 W. 2nd St., Unit #A313, Casper, WY [82601]

_____